**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>       Plaintiff,<br><br>       v.<br><br>ALMA CONWAY HOME CARE LLC,<br>and SARA TUCKER,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Alma Conway Home Care LLC and Sara Tucker (together, "Defendants") from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1.     Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.     Defendant Alma Conway Home Care LLC ("Alma") is a limited liability corporation duly organized under the laws of the Commonwealth of Pennsylvania. Alma maintains a principal place of business located at 2519 Germantown Avenue, Philadelphia,

Pennsylvania, 19133, within the jurisdiction of this Court. Alma is in the business of providing home care services and operates out of this same location within the jurisdiction of this Court.

3.     Defendant Sara Tucker ("Tucker") is the sole member of Alma and controls day-to-day business operations. Tucker directed employment practices and has directly or indirectly acted in the interest of Alma in relation to its employees at all relevant times herein, including determining compensation policies that applied to employees, setting pay rates for employees, hiring and firing employees, and supervising employees. Tucker resides in Deptford, New Jersey.

4.     The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5.     Defendants employ persons in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act, 29 U.S.C § 202(a)(5). Alma's employees who are employed as home health care workers provide in-home caregiving services to Alma's clients, which includes personal care, grooming, mouth care, toileting, bathing, feeding, special diets, nutritious meals, housekeeping, closet organization, laundry, bed making, errands, doctor appointments, and food shopping, all of which involves products or goods that have been moved in or produced for interstate commerce, such as household cleaning supplies, medical supplies, food, and household items. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore, the employees of Defendants are employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C § 203(s)(1)(A).

6.      The home health care workers that Defendants employ are engaged in "domestic service" as defined in 29 C.F.R. § 552.3 because they engage in "services of a household nature" performed "in or about a private home." Therefore, these employees are covered by Section 2(a) of the Act and as defined in 29 C.F.R. § 552.3.

7.      Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal number of liquidated damages under Section 16(c) of the Act.

8.      For example, during the time period from at least May 5, 2019 to at least October 2, 2021, Defendants failed to compensate their employees employed as home health care workers at rates not less than one and one-half times their regular rates when they worked over 40 hours in a workweek. During this time period, these employees worked at least one hour in excess of forty per workweek. Some of Defendants' employees often worked, for example, as many as 80 hours in any given workweek. Defendants paid these employees the same regular rate for all hours worked.

9.      During the vast majority of workweeks from at least May 5, 2019 through October 2, 2021, Defendants implemented a rate manipulation scheme. In workweeks in which employees worked in excess of forty per workweek, Defendants lowered employees' regular hourly rates, which caused these employees' overtime premium rates to fall. As a consequence,

Defendants did not pay the required time and one-half premium rate based on an employee's regular rate of pay for overtime hours worked in excess of forty per workweek.

10.     Defendants knew or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek.  For example, Defendants were aware that home health care workers are entitled to overtime at their regular rates of pay. Nonetheless, Defendants implemented a rate manipulation scheme to avoid paying the required time and one-half premium rates in the majority of workweeks.

11.     Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

12.     For example, due to their practice of lowering employees' regular rates in overtime workweeks and consequently paying straight time hourly rates for all hours worked. Defendants failed to keep and preserve payroll records for employees for at least three years, including accurate records of employees' total weekly straight-time earnings and total weekly overtime premium pay. 29 C.F.R. §§ 516.2(a), 516.5(a).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least May 5, 2019, through at least October 2, 2021, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing before May 5, 2019 and after October 2, 2021, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3)     For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees;

(4)     In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Mailing Address:                              **UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor                   Seema Nanda
Office of the Regional Solicitor           Solicitor of Labor
1835 Market Street

Mailstop SOL/22
Philadelphia, PA 19103
(215) 861-5140 (voice)
(215) 861-5162 (fax)
Unger.erik.s@dol.gov

Date: November 15, 2022

Oscar L. Hampton III
Regional Solicitor

*/s/ Erik S. Unger*
Trial Attorney
PA 323903
NJ 303442019
NY 4670675

Attorneys for Plaintiff